NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW YORK REGIONAL RAIL CORPORATION, J.S. TRANSPORTATION, INC., GM TRUCKING AND ASSOCIATES, INC. and NEW YORK CROSS HARBOR TERMINAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>Ronald w. Bridges, et al,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-0044 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by New York Regional Rail Corporation, J.S. Transportation, Inc., GM Trucking and Associates Inc., and New York Cross Harbor Terminal Corporation, ("Plaintiffs"), to remand this action to the Law Division of the New Jersey Superior Court, Hudson County. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. Upon reviewing the submissions of all parties and for the reasons set forth below, Plaintiffs' motion to remand is **granted**.

**I. BACKGROUND**

Plaintiffs filed a Complaint against Ronald Bridges; Darryl Caplan, Esq.; Cureton Caplan, P.C., f/k/a Cureton Caplan, Hunt, Scaramella & Clark, P.C.; Todd Sage; Stacey Sage; Mary Sage; John Taylor; Consolidated Logistics and Transportation, LLC; National Transportation

Services, LLC; 833 Rancocas Road, LLC; J.S. Transportation Truck Repair LLC; GM Trucking, INC.; Blue Ribbon Group, INC.; and Equipment Services of Delaware, LLC (collectively "Defendants"); in the Superior Court of New Jersey, Hudson County, on July 21, 2005.  On November 17, 2005, Plaintiffs filed an Amended Complaint, adding Equipment Services of Delaware, LLC ("ESD"), as a Defendant. (See Amended Complaint).

ESD is owned by Defendants Ronald Bridges and Darryl S. Caplan, Esq., and operates out of the offices either within or adjoining Mr. Caplan's law firm.  (Plaintiffs' Brief Supporting their Motion to Remand ("Pl. Br.") at 1).  ESD is a Delaware limited liability company authorized to conduct business in the State of New Jersey and has a business address of 910 Gilpin Avenue, Wilmington Delaware.  (Defendant's Brief in Opposition to Plaintiffs' Motion to Remand ("Def. Br.") at 3).  Defendants Cureton Caplan and Mr. Caplan have offices located 950B Chester Avenue, Delran, New Jersey.  (Id.)  Mr. Caplan is the registered agent for ESD and Mr. Caplan may be served at the New Jersey address.  (Id.)

For many years, ESD has stored rail cars at the Greenville Yard, which is leased by Plaintiff New York Cross Harbor Terminal Corporation ("NYCH") from Consolidated Rail Corporation and is located in Hudson County, New Jersey.  (Pl. Br. at 2).  In the Amended Complaint, Plaintiff NYCH alleges ESD owes it storage fees.  (Id. at 3).  ESD removed this action to Federal Court on January 4, 2006.  Plaintiffs filed this motion to remand on February 3, 2006.  Plaintiffs make three arguments: (1) ESD's removal was untimely; (2) ESD failed to comply with the "rule of unanimity;" and (3) this Court does not have subject matter jurisdiction. (See Pl. Br.).  For the reasons explained below, this matter is remanded.

## II. DISCUSSION

### A. Standard to Remand

Federal courts are courts of limited jurisdiction, having the power to hear only those cases to which Congress has specifically extended jurisdiction over the subject matter. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Removal of a complaint from State to Federal Court is proper only if the Federal Court to which the action is removed would have jurisdiction over the matter had it originally been filed there. 28 U.S.C. §§ 1441(a)-1441(b). The right to remove a case from State to Federal Court is determined "according to the plaintiff's pleading at the time of the petition for removal." Abels v. State Famr Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985).  If diversity does not exist between a plaintiff and all defendants, a defendant may still remove an action to Federal Court if the plaintiff's claim arises under federal law within the meaning of 28 U.S.C. § 1331.  The burden is upon the defendant to show that removal is proper, and the Court is obligated to "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001) (internal citations omitted).  Thus, if a court determines that it has no jurisdiction over an action, removal is improper and the court must remand.  It is with this standard in mind that the Court remands this action to State Court.

### B. Timely Removal

The time limits governing removal are set forth in 28 U.S.C. § 1446(b).  A defendant seeking to remove an action from State to Federal Court must file a notice of removal "within thirty days" after receiving a copy of the initial pleading setting forth the plaintiff's claim for relief, or "within thirty days after the service of summons upon the defendant if such initial

pleading has been filed in court and is not required to be served on the defendant." Pursuant to 28 U.S.C. § 1446(b), defendants must remove an action within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. Greensmith Co., Inc. v. Com Systems, Inc., 796 F.Supp. 812, 813 (D.N.J. 1992).  The thirty day limitation therefore begins to run on the day a defendant is in receipt of the pleadings. Id.

In order to properly effect service upon a corporation, a party must satisfy the requirements of Fed. R. Civ. P. 4(h).  Pursuant to Rule 4(h)(1) service must be performed by "delivering a copy of the summons and ... complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  Under Rule 4(h) service is also proper if it is done pursuant to the "law of the state where the district court is located." It states in the New Jersey Rules of Court Rule 4:4-4(a)(6), that service of process is effected "upon a corporation, by serving a copy of the summons and complaint . . . on a person at the registered office of the corporation in charge thereof."

Plaintiffs argue removal was improper because the notice of removal was filed January 4, 2006, which was thirty three days after Plaintiffs served ESD on December 2, 2005.  (Pl. Br. at 3).  ESD argues removal was timely because Plaintiffs never performed proper service and "at best, ESD received the Summons and Amended Complaint on December 5, 2005." (Def. Br. at 4).  ESD argues service was improper because Plaintiffs did not serve Mr. Caplan, the registered agent of ESD.  Instead, Plaintiffs personally served Jeffrey K. Newman, Esq., a lawyer at Mr. Caplan's law firm.  (Pl. Reply Br. at 4).  Mr. Caplan did not receive the papers given to Mr. Newman until Monday, December 5, 2005.  (Def. Br. at 3).  Mr. Newman is an associate attorney

at Mr. Caplan's firm. (Pl. Reply Br. Ex. B). Plaintiffs have not provided any proof that Mr. Newman is or was an officer, director, trustee agent, or person authorized to receive process on behalf of ESD. Plaintiffs have also failed to show that Mr. Newman is a person in charge of the corporation. The fact that Cureton Caplan's firm website says all of its attorneys are the "most qualified" does not indicate that Mr. Newman has the authority to receive service on behalf of ESD. In addition the mere fact that Mr. Newman works at ESD's registered office is not to enough to confer on him the authority to receive service on behalf of the corporation. Due to the fact that Plaintiffs did not effect proper service on ESD by serving Mr. Newman and Mr. Caplan did not receive the Amended Complaint until December 5, 2005, ESD's notice of removal was properly filed within the thirty day time limit.

### C. The Rule of Unanimity

Under the rule of unanimity all defendants who have been served must join in a notice of removal, regardless of whether removal is predicated on federal question or diversity jurisdiction, and regardless of whether or not the defendant had a right to initially to remove the case. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). Pursuant to this rule, all defendants must join in the notice of removal or give their consent within the thirty day period for the removal to be proper. Ogletree v. Barnes, 851 F. Supp. 184, 186 (D. Pa. 1994). The rule of unanimity advances "the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor or remand." McManus v. Glassman's Wynnefield Inc., 710 F.Supp. 1043, 1045 (E.D.Pa. 1989), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). However, there are two exceptions to this rule: (1) nominal

parties in the action are not required to join the notice of removal or otherwise consent to removal; and (2) defendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) are not required to join or consent to the removal.  Id., citing Pullman Co. v. Jenkins, 305 U.S. 534, 540-41 (1939).  In addition, a number of other courts have asserted that "when a separate and independent claim that is removable under Section 1441(C) is joined with other non-removable claims, only the defendant to the separate and independent claim need seek removal."  Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3731.  The Third Circuit is not among the courts who have recognized this last exception

ESD argues it did not need to obtain consent from the other Defendants, nor did it need the other Defendants to join in the notice for removal because Plaintiffs' claim giving rise to federal question jurisdiction only applies to ESD.  Specifically, ESD asserts that Plaintiff's claim under the ICC Termination Act is independent of Plaintiffs' other causes of action.  However, in paragraphs 94 through 99 of Plaintiffs' Amended Complaint, Plaintiffs have sought the same relief they are seeking from ESD, which is storage fees, from Defendants Bridges, Caplan, and/or "other entities."  The claims against ESD are not separate from the storage-fees and loading fees claims against Bridges and Caplan.  Neither Caplan, Bridges, nor any of the other Defendants, timely consented to removal.  Therefore, even if this Court was to apply this exception, ESD would not meet the requirements and the matter would still have to be remanded.

The other two exceptions also do not apply to ESD.  ESD is not a nominal party and ESD admits it was served on December 5, 2005.  For these reasons, ESD has failed to comply with the rule of unanimity and Plaintiff's motion to remand must therefore be granted.

## C. Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), when a court grants a plaintiff's motion to remand, the court has discretion to also order a plaintiff to be reimbursed for the costs and expenses, including attorney's fees, associated with the motion to remand.  The Court declines to reimburse Plaintiffs their expenses associated with this motion.  It does not appear ESD exhibited any bad faith in failing to obtain all the Defendants' consent to remove the case to Federal Court.  Also, Plaintiffs also made a mistake in serving Mr. Newman, instead of Mr. Caplan, with the Amended Complaint.  Therefore, it is not appropriate to award attorneys fees and expenses.

## III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' motion to remand is **granted** and Plaintiffs' request for costs and expenses is **denied**.  An appropriate Order accompanies this Opinion.

                S/ Dennis M. Cavanaugh
                Dennis M. Cavanaugh, U.S.D.J.

Date:        June 16, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File